In re FRITZ.

(District Court, E. D. New York. March 23, 1907.)

BANKRUPTCY—EXEMPTION OF BANKRUPT FROM ARREST—COMMITMENT FOR CONTEMPT.

An order of a court of bankruptcy restraining a sheriff from arresting a bankrupt on civil process, following the language of Bankr. Act July 1, 1898, c. 541, § 9a, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], does not prevent the commitment of the bankrupt by a state court for a contempt, where such commitment is intended as a punishment, and not for the collection of a debt.

In Bankruptcy. On motion to modify restraining order.

A. Frank Cowen, for bankrupt.
Louis B. Brodsky, for petitioner.

CHATFIELD, District Judge. It appears from the motion papers that Samuel Fritz, the bankrupt, was the defendant in a suit in the Supreme Court of Kings county, where he was sued under the name of Simon Fritz, in which a judgment was entered apparently on the 25th day of June, 1903, for the sum of $271. There is some dispute as to whether the cause of action on which this judgment was obtained arose from a debt which was dischargeable in bankruptcy. Subsequently a supplementary examination was held, but the defendant did not appear for examination. Thereupon an order to show cause was obtained, why the judgment debtor (called "Simon" Fritz) should not be punished for such misconduct, and upon the entire record an order was made by Mr. Justice Jaycox, in the Supreme Court of the state of New York, on November 19, 1906, adjudging said Simon

Fritz guilty of contempt of court in having willfully disobeyed an order of October 25, 1906, in the proceedings supplementary to execution. The said order of Mr. Justice Jaycox also further adjudged that the misconduct of said Simon Fritz impaired, impeded, and prejudiced the rights and remedies of the judgment creditor to his actual loss or injury in the sum of $271, with interest, amounting in all to the sum of $325.20, and further ordered that the said Simon Fritz be committed by the sheriff of the county of Kings, to be detained in close custody until he should pay the said sum or be discharged according to law, and that a warrant issue for the execution of that order.

The judgment debtor filed a petition in bankruptcy, under the name of "Samuel" Fritz, on or about the 1st day of December, 1906, and obtained an order, dated December 3, 1906, restraining the sheriff of the county of Kings and others from interfering with the property of the bankrupt, and enjoining and restraining the said sheriff and others "from arresting the said bankrupt on civil process save in the cases specified in subdivisions 1 and 2 of section 9a of the bankruptcy law of 1898." Act July 1, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]. The judgment creditor on March 6, 1907, obtained an order directing the bankrupt or his attorney to show cause why the restraining order of December 3, 1906, should not be modified, by permitting the sheriff of the county of Kings to execute the order committing the bankrupt and judgment debtor for contempt which was made by Mr. Justice Jaycox on November 19, 1906.

The restraining order of December 3, 1906, followed the language of the bankruptcy statute, and left open the question whether it was to be applied to the enforcement of the order directing the punishment of the bankrupt for contempt. The sheriff seems to have considered himself stayed, and the Supreme Court has made no further order for the punishment of the judgment debtor. This court could stay the collection of a judgment for a dischargeable debt by means of a contempt proceeding, ostensibly intended only to aid such collection.

No authorities are cited on behalf of either party which are conclusive upon this question. All the authorities cited fall upon one side of the line or the other, accordingly as the matter of punishment is held to be a proceeding for the collection of a debt, or to punish a person for contempt of the court's authority as such.

It would appear from the order of Mr. Justice Jaycox, dated November 19, 1906, that because of the failure of the judgment debtor to appear for examination, as required, he was adjudged in contempt, and directed to pay the amount of the judgment, with interest. If the original debt was one dischargeable in bankruptcy, the contempt proceedings would therefore seem to have been considered by the court merely in aid of the collection of the judgment, and not solely as punishment for disregard of the court's authority. The bankrupt and judgment debtor was not directed to be imprisoned for any particular time, nor fined any ordinary sum, but he was directed to be committed until he should pay to the judgment creditor the face of the judgment, with interest, and no costs of the motion were added thereto. The restraining order of December 3, 1906, stayed the collection of

all dischargeable debts, and by section 17, subd. 2, of the bankruptcy act, liabilities for willful and malicious injuries to the person or property of another are not dischargeable. So far as can be learned from the papers submitted, the action on which the original judgment was recovered against Fritz was brought in the Municipal Court of the city of New York, upon oral pleadings, for injuries to personal property. The answer was a general denial, and the plaintiff obtained a judgment.

If this action was for "willful and malicious injury to personal property," the restraining order of December 3, 1906, did not affect this judgment. Further, if the order of Mr. Justice Jaycox, directing the defendant's punishment for contempt, was intended as a punishment, and not to assist merely in the collection of the debt, the commitment of the debtor was not stayed by the order of December 3, 1906. The Supreme Court can decide as to the scope of its own order, and determine the duty of the sheriff. Until the questions above suggested are cleared up, and until some conflict arises from the effects of the restraining order, there is no necessity for any modification of its terms.

The motion is therefore denied.